# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NARESH KUMAR-MALLA, | Case No. 1:26-cv-00105-KES-EPG-HC |
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DENY RESPONDENTS' MOTION TO DISMISS |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | (ECF Nos. 1, 14) |

Petitioner, represented by counsel, is proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated in the order granting preliminary injunction, the undersigned recommends that the petition for writ of habeas corpus be granted and Respondents' motion to dismiss be denied.

**I.**

**BACKGROUND**

On January 7, 2026, Petitioner filed a petition for writ of habeas corpus, and on January 8, 2026, Petitioner filed a motion for temporary restraining order. (ECF Nos. 1, 2.) On January 9, 2026, the Court granted Petitioner's motion for preliminary injunction and ordered Petitioner released. (ECF No. 8.) The matter was referred to the undersigned "for further proceedings including the preparation of findings and recommendations on the petition or other appropriate action." (Id. at 3.[1]) On January 27, 2026, Respondents filed a motion to dismiss. (ECF No. 14.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

On February 16, 2026, Petitioner filed a response. (ECF No. 15.) To date, no reply in support of the motion to dismiss has been filed, and the time for doing so has passed.

## II.

## DISCUSSION

The district judge previously ordered Respondents to show cause "as to whether there are any factual or legal issues in this case that render it distinguishable from the Court's prior orders in *Guzman v. Andrews, Clene C.D. v. Robbins, Bilal A. v. Wofford*, and *W.V.S.M. v. Wofford* and justify denying the motion, or indicate the matter is not substantively distinguishable." (ECF No. 4.) "As respondents have not identified any factual or legal issues in this case that render it distinguishable from the Court's prior decisions . . . and for the reasons stated in those prior orders," the district judge granted a preliminary injunction and ordered Petitioner's immediate release. (ECF No. 8 at 2.)

In the motion to dismiss, Respondents raise arguments that have been rejected by this Court in the previous decisions set forth in the order granting preliminary injunction. (ECF No. 8 at 2.) Accordingly, for the reasons stated in the previous decisions set forth in the order granting preliminary injunction, (ECF No. 8 at 2), the undersigned recommends that the petition for writ of habeas corpus be granted.

Alternatively, Respondents contend that "the Court should hold the matter in abeyance pending the Ninth Circuit's resolution of" Rodriguez Vazquez v. Bostock, No. 25-6842 (9th Cir.). (ECF No. 14 at 2.) Rodriguez Vazquez v. Bostock, 802 F. Supp. 3d 1297 (W.D. Wash. 2025), concerned the "practice by the Tacoma Immigration Court of interpreting the Immigration and Nationality Act ('INA') to require detention without the possibility of bond for noncitizens who entered the United States without inspection, even if they have lived here for years and can prove they present neither a flight risk nor a danger to the community." Id. at 1303 (footnote omitted). The district court granted summary judgment "to the Bond Denial Class[2] on their

---

[2] The Bond Denial Class is defined as:

> [A]ll noncitizens without lawful status detained at the Northwest ICE Processing Center who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or

claims that their detention under 8 U.S.C. § 1225(b)(2) is unlawful" and declared "that Bond Denial Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under 8 U.S.C. § 1225(b)(2)" and that "the Tacoma Immigration Court's practice of denying bond to Bond Denial Class members on the basis of § 1225(b)(2) violates the Immigration and Nationality Act." Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

The Court is doubtful the Ninth Circuit decision in Rodriguez Vazquez will impact the Court's conclusion that Petitioner has a protected liberty interest that arises from his prior release from immigration custody. Accordingly, the undersigned recommends denying Respondents' request to hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez Vazquez.

### III.

### RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED; and

2. Respondents' motion to dismiss (ECF No. 14) be DENIED.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections, **no longer than fifteen (15) pages, including exhibits**, with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the

---

will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

Rodriguez Vazquez, 802 F. Supp. 3d at 1336.

right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **March 26, 2026**                          /s/ Erica P. Grosjean

UNITED STATES MAGISTRATE JUDGE